IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23-CR-00455 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| DEVAUNTY LEWIS, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Rebecca C. Lutzko, United States Attorney, and Brian S. Deckert, Assistant United States Attorney, and hereby files this sentencing memorandum. For the reasons set forth below, the United States requests this Honorable Court impose a sentence within the guidelines of 121 to 151 months corresponding to an adjusted offense level of 29, Criminal History Category IV.

**I.  GUIDELINE CALCULATION AND OFFENSE CONDUCT**

    A.  GUIDELINE CALCULATIONS CONTAINED IN THE PSR

On March 6, 2024, the Defendant entered a plea of guilty to the following counts of the superseding indictment:

    Count 1 – 18 U.S.C. §§ 371 and 922(a)(1)(A), Conspiracy to Commit Engaging in the Business of Dealing in Firearms without a License;

    Count 3 – 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and 2, Engaging in the Business of Importing, Manufacturing, or Dealing in Firearms without a Federal Firearms License;

    Count 4 – 18 U.S.C. §§ 933(a)(1) and (3), Conspiracy to Engage in Firearms Trafficking;

    Count 6 – 18 U.S.C. § 933(a)(1), Trafficking in Firearms;

    Count 7 – 18 U.S.C. §§ 922(g)(1) and 924(a)(8), Felon in Possession of a Firearms;

    Counts 12 and 14 – 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), Distribution of a Controlled Substance; and

Count 13 – 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), Distribution of a Controlled Substance.

The Government has agreed to dismiss counts 8, 9, 10, and 11. The PSR filed on June 18, 2024, sets forth the offense level for counts to which the Defendant pled guilty. The PSR grouped all counts and made the following calculations for that group in paragraphs 36-47 as follows:

| **Count Group 1: Conspiracy to Commit Engaging in the Business of Dealing in Firearms without a License** | | |
|---|---|---|
| Base Offense Level (prior felony and high-capacity firearm) | 22 | § 2K2.1(a)(3) |
| Number of Firearms (8-24) | +4 | § 2K2.1(b)(1)(B) |
| Trafficking in Firearms | +4 | § 2K2.1(b)(5) |
| Possession of Firearm in Connection with Another Felony Offense | +4 | § 2K2.1(b)(6)(b) |
| **Subtotal** | 34 | |

This results in an adjusted offense level of 31 after acceptance of responsibility and with a Criminal History Category IV, his guideline range would be 151 to 188 months. (R. 50: PSR, PageID 355).

B.     GUIDELINE CALCULATIONS CONTAINED IN THE PLEA AGREEMENT

The United States and the Defendant entered into a plea agreement in this matter whereby the parties agreed that the correct guideline calculation for the base offense level in this case was a 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A)[1]. (R. 39: Plea Agreement, PageID 211). The parties agreed that the following specific offense characteristics applied:

| **LEWIS – GROUP 1 (Firearms)** | | |
|---|---|---|
| Base offense level | 20 | 2K2.1(a)(4)(A) |
| Number of firearms | +4 | 2K2.1(b)(1)(B) |
| Trafficking in firearms | +4 | 2K2.1(b)(5) |
| **Subtotal** | 28 | |

---

[1] The plea agreement cites to U.S.S.G. § 2K2.1(a)(3) for a base offense level of 20, however, this is a typographical error and the correct cite should read 2K2.1(a)(4)(A).

| LEWIS – GROUP 2 (Drugs) | | |
|---|---|---|
| Base offense level | 24 | 2D1.1(c)(8) |
| Dangerous weapon possessed | +2[2] | 2D1.1(b)(1) |
| **Subtotal** | **26** | |

Additionally, the plea agreement allowed for the parties to argue the application of the specific offense characteristic for possession of a firearm in connection with another felony pursuant to U.S.S.G. § 2K2.1(b)(6)(B). (*Id.*, PageID 212).

There is a difference between the calculations contained in the PSR and the plea agreement. The PSR sets the base offense level as a 22 based upon the July 28, 2023, sale of a Kel Tec, model PT 140 G2, .40 caliber handgun, bearing serial number SKM75835, with an extended 31 round magazine. The plea agreement takes into account that this firearm was sold by the co-defendant, Nicholas Johnson, and only attributes those firearms to the Defendant that he personally sold to the undercover officers. Based upon the firearms sold by the Defendant, the plea agreement sets the base offense level as a 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A).

      C.      APPLICATION OF U.S.S.G. § 2K2.1(B)(6)(B)

This Court should apply the 4-level enhancement for possession of a firearm in connection with another felony pursuant to U.S.S.G. § 2K2.1(b)(6)(B) as the Defendant sold firearms and controlled substances to the UCs on August 2, 2023, August 9, 2023, and August 22, 2023. The § 2K2.1(b)(6)(B) enhancement applies to a defendant who "[u]sed or possessed any firearm or ammunition in connection with another felony offense" or who "possessed or transferred any firearm ... with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The

---

[2] Should this Court find that U.S.S.G. § 2K2.1(b)(6)(B) apply then this enhancement will not be applicable.

3

application notes state that the enhancement should apply "if the firearm ... facilitated, or had the potential of facilitating, another felony offense." *Id*. cmt. n. 14(A). The government bears the burden of establishing facts to support this enhancement by a preponderance of the evidence. *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014); *United States v. Shield*, 644 F.3d 1040, 1043 (6th Cir. 2011). The district court's interpretation of the Sentencing Guidelines is reviewed de novo and its findings of fact for clear error. *United States v. Fugate*, 964 F.3d 580, 583 (6th Cir. 2020); *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009). Deference is given to the district court's application of the Guidelines to the facts. *Id*. "In the specific context of the § 2K2.1(b)(6)(B) firearm enhancement, 'we review the district court's factual findings for clear error and accord due deference to the district court's determination that the firearm was used or possessed in connection with the other felony, thus warranting application of the . . . enhancement.'" *United States v. Jackson*, 877 F.3d 231, 236 (6th Cir. 2017) (quoting *Seymour*, 739 F.3d at 929).

For purposes of the enhancement, "[a]nother felony offense" means "any Federal, state, or local offense, other than the explosive or firearms possession [offense] ... punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1(b)(6)(B) cmt. n. 14(C).  Under the so-called "fortress theory," a § 2K2.1(b)(6)(B) enhancement is warranted "if the firearm had some emboldening role in a defendant's felonious conduct." *United States v. Angel*, 576 F.3d 318, 321 (6th Cir.2009) (quoting *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir.2001)). The firearm "need not be actively used" in the other offense. *Id*. at 320 (citation omitted). The "Fortress Theory" presumes under "certain circumstances, [that] guns in close proximity to drugs warrant the § 2k2.1(b)(6)(B) enhancement." *Seymour*, 739 F.3d at 929; *see also United States v. Carter*, No. 22-3495, 2023 U.S. App. LEXIS 17136 (6th Cir. July 5, 2023). A "sufficient

connection" is established if "it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possessions are to be used to protect the drugs or otherwise facilitate a drug transaction." *Angel*, 576 F.3d at 321.

The fortress theory should involve indicia of drug trafficking, rather than the mere possession of a small quantity of drugs. *See, e.g.*, *United States v. Richardson*, 510 F.3d 622, 624, 627 (6th Cir. 2007) (involving the discovery of nearly 120 grams of marijuana, digital scales, and a gun in a hotel room); *United States v. Hardin*, 248 F.3d 489, 491, 500 (6th Cir. 2001) (involving a bag of marijuana and fifty-four grams of cocaine found in close proximity to a gun); *United States v. Ennenga*, 263 F.3d 499, 503-04 (6th Cir. 2001) (involving the recovery of a "sizeable stash of marijuana plants" and various firearms in defendant's locked and alarm-rigged basement). The government does not need to file drug trafficking charges against the defendant for the enhancement to apply. U.S.S.G. § 2k2.1(b)(6) cmt. N. 14(C); *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019); *see also United States v. McQueen*, No. 21-4211 U.S. App. LEXIS 31254, 6 (6th Cir. Nov. 9, 2022).

"Proximity" of the weapon to drugs is often a factor when applying the enhancement under § 2K2.1(b)(6)(B). *See United States v. Jackson*, 877 F.3d 231, 239-40 (6th Cir. 2019). While that is true, the Sixth Circuit has stated that there is no bright-line test for the proximity. *United States v. Shanklin*, 924 F.3d 905, 921 (6th Cir. 2019). Due to this, application of the fortress theory includes guns beings found in different rooms of a house, but the same building. *See Carter*, 2023 U.S. App. LEXIS 17136 at 5-6 (holding that the gun being found beneath defendant's bed was applicable for the fortress theory where drugs and drug paraphernalia were found in the house); *United States v. Taylor*, 648 F.3d 417, 432 (6th Cir. 2023) (holding the theory applied where officers found firearms in a different room and on a different floor from drugs, a scale, packaging paraphernalia, and cash in the defendants residence); *Shanklin*, 924

5

F.3d at 921-922 (holding that the fortress theory applied when the defendant's gun was located in a different room from the marijuana); *United States v. Pritchett*, No. 21-1029, 2021 U.S. App. LEXIS 37981 (6th Cir. Dec. 20, 2021) (holding that the enhancement and fortress theory applied when the gun was found in the same closet as one of the stashes of ecstasy); *United States v. Israel*, 578 F. Appx. 490, 491-492 (6th Cir. 2014) (holding that the enhancement applied when the pistol was found under a couch cushion in the living room and drugs found in the bedroom).

The enhancement can be applied when a defendant is faced with firearms offenses that "occurred during a concurrent time frame and in the same location as" a defendant's conduct of distributing drugs. *United States v. Grosser*, No. 22-1974, 2023 U.S. App. LEXIS 17538 (6th Cir. July 10, 2023) (holding the enhancement was allowed when the defendant faced firearm offenses during the same time frame and location that he admitted to distributing marijuana).

In *United States v. McQueen*, No. 21-4211, 2022 U.S. App. LEXIS 31254 (6th Cir. Nov. 9, 2022), the enhancement was upheld when the defendant was arrested for felon-in possession of a firearm after he was pulled over and his car was found to have a gun, individually wrapped drugs, and large amounts of cash. The individually wrapped drugs and large amounts of cash are factors from which a district court may infer intent. *United States v. Montgomery*, 491 F. Appx 683, 689 (6th Cir. 2012). The court in *McQueen* found that there was sufficient evidence to prove by the preponderance of evidence that the defendant had intent to distribute drugs.

In this case it is undisputed that the Defendant sold controlled substances while in possession of a firearm because he in turn sold those firearms as well.  The Defendant did this on three occasions.

    D.      THE APPLICATION OF BOTH U.S.S.G. § 2K2.1(B)(5) AND (B)(6)(B) IS NOT DOUBLE-COUNTING

The Defendant claims that the application of U.S.S.G. §§ 2K2.1(b)(5) and (b)(6) is double-counting. The Sixth Circuit has held that the legal interpretations of the Sentencing Guidelines, including whether impermissible double counting occurred, is reviewed de novo. *United States v. Clark*, 11 F.4th 491, 493-494 (6th Cir. 2021).

Because a court may impose two enhancements arising from the same conduct, provided the enhancements "penalize distinct aspects of [a defendant's] conduct and distinct harms," *United States v. Smith*, 516 F.3d 473, 476 (6th Cir. 2008) (internal quotations and citation omitted), application of both the § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) enhancements do not constitute double counting. If precisely the same aspect of a defendant's conduct results in an increase to a sentence in two ways, then impermissible double counting occurs. *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022). If the defendant is punished for "distinct aspects of his conduct," then no double counting has occurred. *Untied States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010). "In other words, district courts may impose two enhancements arising from the same conduct, provided the enhancements penalize distinct harms." *Nunley*, 29 F.4th at 830 (internal quotation marks and ellipsis omitted). While the § 2K2.1(b)(5) enhancement punished Defendant for trafficking in firearms, "regardless of whether anything of value was exchanged," U.S.S.G. § 2K2.1(b)(5) cmt. 13(A), the § 2K2.1(b)(6)(B) enhancement punished Defendant for facilitating drug distribution when he accepted narcotics as consideration for the firearm. *See also U.S. v. Sweet*, --- F.3d ----, 2015 WL 234760 (6th Cir. 2015).

Sister circuits have also held that applying both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) is permissible and not double-counting in multiple scenarios. *See United States v. Stinson*, 978 F.3d 824, 829 (1st Cir. 2020) (holding that double-counting was not applicable as § 2K2.1(b)(6)(B)

7

was being applied to the burglary offense while § 2K2.1(b)(5) applied to the trafficking offense); *United States v. Singletary*, 29 F.4th 313, 317 (5th Cir. 2022) (holding that no double-counting occurred due to (b)(6)(B) applying to the trafficking of guns to facilitate a drug distribution conspiracy while (b)(5) went to the persons who could not lawfully possess the weapons); *United States v. Rodriguez*, 884 F.3d 679, 680-681 (7th Cir. 2018) (Finding both enhancements applied when defendant knew the guns he sold were being used to commit other felonies for (b)(6)(B) and sold to prohibited persons in (b)(5)); *United States v. Grove*, 752 F.Appx. 252, 254 (4th Cir. 2018) (finding both enhancements applied when Defendant had reason to believe that the heroin dealer would use firearms obtained through the sale in connection with the dealer's heroin trafficking.).

  The Sixth, Second, and Seventh Circuits have all found that § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) cannot be both be applied when the second clause of (b)(6)(B) is being applied for firearm possession or gun trafficking offenses. *United States v. Fugate*, 964 F.3d 580, 587 (6th Cir. 2020); *United States v. Young*, 811 F.3d 592, 599-604 (2d Cir. 2016); *United States v. Johns*, 732 F.3d 736, 740 (7th Cir. 2013). The second clause of § 2K2.1(b)(6)(B) states "or possessed or transferred any firearm or ammunition *with knowledge, intent, or reason to believe* that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) (emphasis added). The Second Circuit reasoned that because § 2K2.1 App. No. 13(D) only states "in connection with" that the second clause of (b)(6)(B) does not apply and thus that the application of both (b)(5) and (b)(6)(B) for gun trafficking offenses is impermissible double-counting. *Young*, 811 F.3d at 604. However, the Sixth Circuit has also stated in *Fugate* that had the firearms been sold for drugs then they would have "no problem" concluding that both enhancements apply. *Fugate*, 964 F.3d at 588. Thus, should the offense not be the same gun

8

trafficking offenses that the enhancements are being applied to then both enhancements can be applied.

In this case, the Defendant trafficked in firearms and also committed another felony, trafficking in controlled substances, while in possession of a firearm. This is not the same conduct and thus no double-counting applies.

The United States believes that the base offense level contained in the plea agreement is the correct calculation. The Defendant's offense level should be 32 and his criminal history category if IV. After acceptance of responsibility, the Defendant's guideline sentence range is 121-151 months (OL 29, CHC IV). The United States would request a sentence within that guideline range.

E. OFFENSE CONDUCT[3]

At all times herein, the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that being Assault on a Peace Officer, a felony of the fourth degree, on or about July 23, 2015, in Case Number CR-15-594167-A, in the Cuyahoga County Court of Common Pleas. The Defendant knew that he had been convicted of the offense and that he was prohibited from possessing a firearm.

On July 28, 2023, JOHNSON sold a Taurus, model PT 140 G2, .40 caliber pistol, bearing serial number SKM75835; and Kel Tec, model SUB-2000, 9mm pistol, bearing serial number FGKT82 with extended magazine, in exchange for $1,900 in United States currency to the UCs. During this transaction, UCs informed JOHNSON that they planned on transporting the firearms to Canada to re-sell them. JOHNSON stated that he planned on purchasing firearms from a gun

---

[3] This section is identical to the offense conduct described in the plea agreement.

9

store and then re-sell them. UCs asked JOHNSON if he had any consideration for what the firearms would be used for, to which JOHNSON responded, "I don't give a f—k if yall go kill a bunch of people, I just need to clear my a--." The UCs informed JOHNSON that they could not legally possess the firearms because they were convicted felons and that the firearms would be used for criminal purposes. While this transaction occurred, a UC spoke with LEWIS who was seated in the passenger seat of JOHNSON's vehicle. The UC asked LEWIS if he was working with JOHNSON on the sale of firearms, to which LEWIS replied in the affirmative. LEWIS indicated that he could provide more firearms and supplied his telephone number. LEWIS informed the UC that JOHNSON asked him for his assistance because he was the "behind the scenes guy." The UC informed LEWIS that he planned on trafficking the purchased firearms in Canada or Mexico.

On or about August 2, 2023, LEWIS met the UCs in the parking lot of RESTAURANT1 located on Steelyard Drive, Cleveland, Ohio. LEWIS entered the rear seat of the UC vehicle and sold approximately 28.14 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a Beretta, Model 92, 9mm pistol bearing serial number BER780673; and a Bryco Arms, Model 38, .380 caliber pistol bearing serial number 082361, in exchange for $2,200 in United States currency.

The Beretta, Model 92, 9mm pistol bearing serial number BER780673, was found to have matched spent shell casings recovered at crime scenes from:

> October 21, 2021- Improperly Discharging a Firearm on or near a Prohibited Premises report in the City of Cleveland, Ohio.
> May 31, 2023 - Felonious Assault report in the City of Cleveland, Ohio.
> June 4, 2023 - Improperly Discharging a Firearm on or near a Prohibited Premises report in the City of Cleveland, Ohio.

On August 3, 2023, LEWIS met the UCs in the parking lot of Five Guys located on Steelyard Drive, Cleveland, Ohio. LEWIS entered the rear seat of the UC vehicle and sold a F.N.

10

(FN Herstal), Model 503, 9mm pistol bearing serial number CV008030, in exchange for $900 in United States currency to the UCs.

On August 7, 2023, LEWIS met the UCs in the parking lot of RESTAURANT1 located on Steelyard Drive in Cleveland, Ohio. LEWIS entered the rear seat of the UC vehicle and sold a Glock, model 43, 9mm pistol bearing serial number ABXY846; a Taurus, Model G3X, 9mm pistol bearing serial number ACM700869; and a Taurus, Model G2C, 9mm pistol bearing serial number TMU78500 in exchange for $2,300 in United States currency to the UCs. LEWIS and the UCs discussed the purchase of two ounces of fentanyl at a later date.

On or about August 9, 2023, LEWIS met the UCs in the parking lot of RESTAURANT1 located on Steelyard Drive in Cleveland, Ohio. LEWIS entered the rear seat of the UC vehicle and sold an unloaded Polymer80, Model PF940C, 9mm pistol with no serial number and approximately 55.90 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in exchange for $800 and $2,200 respectively, to the UCs.

On or about August 18, 2023, LEWIS met the UCs in the parking lot of RESTAURANT1 located on Steelyard Drive in Cleveland, Ohio. LEWIS entered the rear seat of the UC vehicle and sold a SCCY, Model CPX-2, 9mm pistol bearing serial number C425078; and a SCCY, Model CPX-2, 9mm pistol bearing serial number C425077 in exchange for $1,500 in United States currency to the UCs.

On or about August 22, 2023, LEWIS met the UCs in the parking lot of RESTAURANT1 located on Steelyard Drive in Cleveland, Ohio. LEWIS entered the rear seat of the UC vehicle and sold a loaded Taurus, Model G2C, 9 mm pistol, bearing serial number TLY42394; a loaded SCCY, Model CPX-2, 9mm pistol bearing serial number C316821; and approximately 23.41 grams of a mixture and substance containing a detectable amount of heroin,

a Schedule I controlled substance and fentanyl, a Schedule II controlled substance in exchange for $1,400 for the firearms and $1,000 for the narcotics.

On or about August 22, 2023, LEWIS continued to text the UCs regarding the sale of another firearm. UCs met LEWIS again in the parking lot of RESTAUTANT1 located on Steelyard Drive in Cleveland, Ohio. LEWIS entered the rear seat of the UC vehicle and sold a loaded HS Produkt, Model XD9 sub-compact, 9mm pistol bearing serial number AT131057 in exchange for $900 in United States currency.

All of the firearms sold by the Defendant were manufactured outside of the State of Ohio and traveled in and affected interstate commerce. The Defendant did not have a federal firearms license and engaged in the business of dealing firearms for profit.

The Defendant sold a combined weight of approximately 107.45 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

## II.     SENTENCING FACTORS 18 U.S.C. § 3553(A)

The government argues that this Court should take all of the 3553(a) factors into account when fashioning a sentence.

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> (2) the need for the sentence imposed--

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

A. <u>NATURE AND CIRCUMSTANCES OF THE OFFENSE</u>

The Government refers to the Offense Conduct section herein and Defendant's PSR for descriptions of the nature and circumstances of the offenses in the case at bar. Specifically, this case involved the distribution of fentanyl and firearms in public places during the middle of the day. The Defendant sold 11 firearms, one of which was used to commit crimes in the City of Cleveland.

B. <u>HISTORY AND CHARACTERISTICS OF THE DEFENDANT</u>

The Defendant has a history of committing weapons offenses, a drug offense, and an assault of a peace officer dating back to the age of 18. (R. 50: PSR, PageID 345-349). The

Defendant's Criminal History Category is IV based upon his convictions scoring seven points. (*Id.*, PageID 349).

### III. CONCLUSION

For these reasons and those to be articulated at the sentencing hearing, the Government requests a sentence within the Guideline range of 121-151 months.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:   /s/ Brian S. Deckert
Brian S. Deckert (OH: 0071220)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3873
(216) 522-8355 (facsimile)
Brian.Deckert@usdoj.gov